UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JI HANG QIU,<br>HUI YANG, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00331-SEB-CSW |
| | ) | |
| KIKA SCOTT Director, U.S. Citizenship and | ) | |
| Immigration Services, | ) | |
| TERRI ROBINSON National Benefits Center, | ) | |
| U.S. Citizenship and Immigration Services, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiffs Ji Hang Qiu ("Mr. Qiu") and Hui Yang ("Mrs. Yang") (collectively "Plaintiffs"), both Chinese nationals, brought this action against Defendants Director of United States Citizenship and Immigration Services Kika Scott and Director of the National Benefits Center Terri Robinson (collectively "Defendants"), seeking to compel the adjudication of their U-visa petitions, pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act (the "APA"), 5 U.S.C. §§ 555(b), 706. Now before the Court is Defendants' Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 11. For the reasons explained below, Defendants' motion is **GRANTED**.

## BACKGROUND

### I.   Statutory Overview of the U-visa Program

In 2000, Congress created the U nonimmigrant classification (a/k/a/ the "U-visa program"), allowing victims of certain crimes who cooperate with law enforcement to

1

obtain nonimmigrant status in the United States. *See* 8 U.S.C. § 1101(a)(15)(U). A petitioner is eligible for a U-visa if (1) he "has suffered substantial physical or mental abuse as a result of having been a victim" of a qualifying crime; (2) he "possesses information concerning" the crime; (3) he is, has been, or is likely to be "helpful" in investigatory and prosecutorial efforts; and (4) he is otherwise admissible to the United States. *Id.* "USCIS has sole jurisdiction over all petitions for U nonimmigrant status." 8 C.F.R. § 214.14(c)(1). In this case, Mr. Qiu is the principal applicant of a U-visa application, pursuant to 8 U.S.C. § 1101(a)(15)(U)(i). His spouse, Mrs. Yang, is a derivative visa applicant, meaning that her admission into the United States depends on the success of Mr. Qiu's visa application. *See id.* § 1101(a)(15)(U)(ii).

Once USCIS approves a Petition for U Nonimmigrant Status (Form I-918), the petitioner receives lawful U nonimmigrant status in the United States as well as employment authorization for a four-year term, subject to certain discretionary extensions. *Id.* § 1184(p)(6). If a U-visa holder "has been physically present in the United States for a continuous period of at least 3 years," USCIS may grant that person status as a lawful permanent resident as well. *Id.* § 1255(m)(1).

Pursuant to § 1184(p)(2), USCIS is authorized to grant no more than 10,000 principal U-visas per fiscal year (i.e., October through September of the following calendar year). (Derivative applications do not count towards this allotment. *See id.*) Every fiscal year since 2010, the number of U-visa applications has far exceeded the statutory cap, resulting in a lengthy (and well-documented) backlog. *See Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017) (affirming dismissal of mandamus and APA action and

highlighting that, "[s]ince 2009, the U-Visa backlog has increased from 21,138 to 177,340 pending applications" in 2017).

While awaiting final adjudication, applicants may obtain deferred action and employment authorization through one of two available procedures. The first is a waitlist: "[E]ligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status" will be placed on a waiting list, making them eligible for deferred action and employment authorization. 8 C.F.R. § 214.14(d)(2). "Priority on the waiting list will be determined by the date the petition was filed with the oldest petitions receiving the highest priority." *Id.*

For U-visa petitioners awaiting placement on the waitlist itself, USCIS has implemented a second avenue through which such petitioners can obtain deferred action and employment authorization: the Bona Fide Determination ("BFD") process. *See* 8 U.S.C. § 1184(p)(6); USCIS Policy Manual, *Bona Fide Determination Process*, https://www.uscis.gov/policy-manual/volume-3-part-c-chapter-5 (last visited March 30, 2026). Through the BFD process, USCIS screens U-visa applications and makes preliminary assessments of their merits. A favorable BFD outcome entitles the applicant to deferred action and employment authorization, notwithstanding the fact that USCIS has not yet conducted a full eligibility review. Petitioners who do not receive a favorable determination through the BFD process, or who are ineligible for a favorable BFD ruling, will receive a full review through the waiting list process described above. At the start of each fiscal year, USCIS draws from both the waitlist and the BFD pool in order of filing date, meaning that the oldest applications receive the highest priority.

## II.     Plaintiffs' Factual Averments

In November 2006, Mr. Qiu was the victim of a felonious assault. Compl. ¶ 7, dkt. 1. On May 7, 2018, Mr. Qiu filed a principal I-918 U-visa application, and Mrs. Yang filed a derivative I-918 U-visa application as well as an I-765 application for work authorization. *Id.* ¶¶ 8–10. Mrs. Yang was granted work authorization nearly five years later, on April 8, 2023. *Id.* ¶ 14. On August 13, 2021, Mr. Qiu also sought employment authorization, which was granted on March 18, 2023. *Id.* ¶¶ 11–12.

On March 22, 2023, USCIS determined that Mr. Qiu's U-visa petition is bona fide and granted him BFD status accordingly. *Id.* ¶ 13. On April 12, 2023, Mrs. Yang's derivative application was also found to be bona fide. *Id.* ¶ 15. Plaintiffs' U-visa petitions await final adjudication.

## III.    Procedural History

On February 19, 2025, Plaintiffs filed this lawsuit, alleging that they have experienced an unreasonable delay with regard to their visa applications and seeking a court order compelling Defendants to adjudicate their visa applications within thirty days. Dkt. 1. On May 29, 2025, Defendants moved to dismiss the Complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted. Dkt. 11. That motion is fully briefed and ripe for ruling.

### LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a federal court must dismiss an action where it lacks subject matter jurisdiction. Notwithstanding a complaint's factual sufficiency, courts "may properly look beyond the jurisdictional allegations . . . and view

4

whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists," especially where "external facts call the court's jurisdiction into question." *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (citation modified).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the facial plausibility threshold "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When ruling on a motion to dismiss, courts must construe "all well-pleaded allegations of the complaint as true and view[ ] them in the light most favorable to the plaintiff." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

## DISCUSSION

In moving to dismiss the Complaint, Defendants contend: (1) that Plaintiffs lack standing and that their claims are moot; and (2) that Plaintiffs have failed to allege sufficient facts to support an unreasonable delay claim. Because jurisdictional considerations "come before [the] merits," we begin our analysis with Defendants' jurisdictional arguments. *Flynn v. FCA US LLC*, 39 F.4th 946, 951 (7th Cir. 2022).

### I.    Mootness & Standing

The concepts of mootness and standing "are interrelated: Mootness is the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Taylor*, 875 F.3d at 854. Here, we conduct our analysis below in terms of standing

5

principles, though our "reasoning is equally applicable in the [mootness] context." *Id.* (citing *Iddir v. INS*, 301 F.3d 492, 501–02 (7th Cir. 2002) (opinion of Flaum, J.)).

"To have the requisite constitutional standing to bring suit in federal court, a plaintiff must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.' " *Id.* at 853 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016)). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo*, 578 U.S. at 338. "If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1)." *Taylor*, 875 F.3d at 853.

Here, Defendants argue that Plaintiffs cannot establish an injury-in-fact or redressability by a favorable judicial decision. We turn to redressability below, as it is dispositive of our standing analysis.

The Seventh Circuit's 2017 decision in *Taylor v. McCament* is instructive. In *Taylor*, the petitioner applied for a U-visa and, due to the statutory cap, was placed on the waitlist. *Id.* at 852. While awaiting the issuance of his U-visa, the petitioner filed a declaratory judgment action in federal court, seeking, *inter alia*, a court order compelling USCIS to issue 80,000 U-visas to him as well as other eligible applicants on the waitlist. *Id.* The district court dismissed the action on the grounds that the petitioner lacked standing and that he failed to state a claim under either the Mandamus Act or the APA. *Id.* In affirming dismissal for lack of standing, the Seventh Circuit explained that "a plaintiff . . . lacks standing where the agency never had statutory authority to give the plaintiff the relief he

seeks." *Id.* at 854. Due to the annual statutory cap, USCIS "lack[ed] the authority to give [the] plaintiff the relief sought," meaning that "even if a court ordered USCIS to immediately issue 80,000 U-visas, the agency would lack the authority to do so." *Id.*[1]

In this case, Defendants emphasize that USCIS has met the statutory cap each fiscal year since 2010. Dkt. 12 at 3. At the beginning of fiscal year 2025 (when the instant motion was briefed by the parties), USCIS was adjudicating petitions filed on or before November 30, 2016. *Id.* at 5. (When the new fiscal year began on October 1, 2025, USCIS resumed approving eligible U-visa petitions filed on or before April 30, 2017. USCIS, *I-918, Petition for U Nonimmigrant Status*, https://www.uscis.gov/I-918 (last visited on March 28, 2026).) In addition to the annual cap, USCIS must abide by the regulatory provision(s) requiring it to proceed based on the order of filing, "with the oldest petitions receiving the highest priority." 8 C.F.R. § 214.14(d)(2); *see Taylor*, 875 F.3d at 5 n.3 (accepting that "USCIS lacks authority to leap-frog [one applicant] over other waitlisted applicants" where petitioner had failed to argue otherwise).

Due to the annual statutory cap and USCIS's obligation to proceed on a "first-in-first-out" basis, we conclude that Plaintiffs cannot establish redressability, since a favorable judicial ruling would not result in the relief Plaintiffs seek: to wit, a prompt adjudication of their U-visa petitions. *See Taylor*, 875 F.3d at 855 n.3 ("To be clear, even if [the petitioner] simply sought to compel USCIS to immediately adjudicate only *his* petition, the agency

---

[1] The Seventh Circuit has recently expressed "skepticism about the jurisdictional characterization[ ] of the disposition in . . . *Taylor*," though it declined to overrule the jurisdictional holding, since doing so "would create a conflict among the circuits." *Shahi v. United States Dep't of State*, 33 F.4th 927, 930–31 (7th Cir. 2022).

would still lack the authority to provide that relief" due to the first-to-file rule of priority, which the petitioner did not challenge). Although Plaintiffs deny their lack of standing, they have failed to articulate how USCIS could circumvent the 10,000 cap and/or the first-to-file rule of priority. Thus, we find that USCIS is bound by these statutory and regulatory limitations, and consequently, a court order would not effectuate meaningful relief to Plaintiffs. Plaintiffs' claims are therefore not redressable, and Plaintiffs lack Article III standing.

In resisting dismissal on standing grounds, Plaintiffs cite to the Seventh Circuit's 2017 decision in *Calderon-Ramirez v. McCament*, which affirmed the dismissal of a petition for writ of mandamus seeking to compel the adjudication of the plaintiff's U-visa application. 877 F.3d at 276. Neither the district court's nor the Seventh Circuit's opinion in *Calderon-Ramirez* addressed subject matter jurisdiction, however. *Id.* at 275. Rather, the case was dismissed for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id.* It is therefore not clear to us what relevance, if any, *Calderon-Ramirez* bears on our assessment of the standing arguments raised with regard to the case at bar.

In short, we hold that Plaintiffs have failed to demonstrate the redressability of their claims seeking the prompt adjudication of their U-visa applications. Because Plaintiffs cannot satisfy the essential elements of their standing, this matter must and therefore shall be dismissed for lack of subject matter jurisdiction.

Since we find that dismissal is appropriate on jurisdictional grounds, we need not address whether Plaintiffs adequately stated a claim under the Mandamus Act or the APA.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is hereby **GRANTED**.

Dkt. 11. This matter shall be **DISMISSED without prejudice** for lack of subject matter

jurisdiction. Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date:

        3/31/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Alfredo Estrada
BURKE COSTANZA & CARBERRY LLP
estrada@bcclegal.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov